IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

ERIC RICHARDS                                                                                                    PLAINTIFF

vs.                                              Civil No. 6:21-cv-06011

KILOLO KIJAKAZI, Acting Commissioner,[1]
Social Security Administration                                                                           DEFENDANT

## MEMORANDUM OPINION

Eric Richards ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying his application for a period of disability and Disability Insurance Benefits ("DIB") under Title II of the Act, 42 U.S.C. § 423(d)(1)(A).  In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision.  *See* 42 U.S.C. § 405(g).

The Parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings.  ECF No. 5.[2]  Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

---

[1] Kilolo Kijakazi became Acting Commissioner of the Social Security Administration on July 9, 2021.  Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Kilolo Kijakazi should be substituted as the defendant in this suit.  No further action needs to be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

[2] The docket numbers for this case are referenced by the designation "ECF No. __" The transcript pages for this case are referenced by the designation "Tr" and refer to the document filed at ECF No. 13.  These references are to the page number of the transcript itself not the ECF page number.

1.     **Background:**

Plaintiff protectively filed his disability application on July 20, 2018, alleging an onset date of September 1, 2014. (Tr. 15, 46, 65). In his application, Plaintiff alleges being disabled due to a fractured spine with degenerative disc disorder, anal dermatitis with bleeding, patella femoral syndrome in both knees, missing cartilage, impinged left shoulder with limited movement, tinnitus in both ears, sleep apnea, chronic ear infection in right ear, and major incontinence with bowels. (Tr. 46, 65). His application was denied initially on April 29, 2019, and was denied again upon reconsideration on July 18, 2019. (Tr. 106-108, 112-113). Plaintiff subsequently requested an administrative hearing, and this hearing request was granted. (Tr. 114-121). Plaintiff's administrative hearing was held on August 10, 2020, *via* telephone in Little Rock, Arkansas. (Tr. 34-44). At this hearing, Plaintiff was present and represented by counsel. *Id*. Plaintiff and Vocational Expert ("VE"), Dianne Smith, testified at this administrative hearing. (Tr. 34-44, 259).

On October 15, 2020, the ALJ entered a fully unfavorable decision denying Plaintiff's application. (Tr. 12-30). In this decision, the ALJ found Plaintiff met the insured status of the Act through December 31, 2019. (Tr. 18, Finding 1). The ALJ also found Plaintiff had not engaged in substantial gainful activity ("SGA") since September 1, 2014, his alleged onset date. (Tr. 18, Finding 2). The ALJ determined Plaintiff was forty-five (45) years old on his date last insured, which is defined as a "younger person" under 20 C.F.R. § 404.1563(c) (2008). (Tr. 28, Finding 7). The ALJ also determined Plaintiff had at least a high school education. (Tr. 28, Finding 8).

The ALJ then determined Plaintiff had the following severe impairments: degenerative disc disease, degenerative joint disease of the knees, shoulder, and foot, obstructive sleep apnea, obesity, post-traumatic stress disorder ("PTSD"), and excoriation disorder. (Tr. 18, Finding 3). Despite being severe, the ALJ determined those impairments did not meet or medically equal the

requirements of any of the Listing of Impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. 18, Finding 4).

In his decision, the ALJ evaluated Plaintiff's subjective allegations and determined his Residual Functional Capacity ("RFC"). (Tr. 21-28, Finding 5). Specifically, the ALJ found Plaintiff retained the following RFC:

> After careful consideration of the entire record, the undersigned finds that, through the date last insured, the claimant had the residual functional capacity to perform sedentary work as defined in 20 CFR 404.1567(a) except he requires use of a cane in the dominant upper extremity to ambulate away from the work station. He can occasionally stoop and kneel. He cannot crouch or crawl. He cannot do overhead reaching with the left upper extremity; cannot use foot controls with the left lower extremity; and cannot climb. He can alternate between sitting and standing every 30 minutes. He is able to perform work where interpersonal contact is incidental to the work performed (incidental defined as interpersonal contact, requiring a limited degree of interaction, such as meeting and greeting the public, answering simple questions, accepting payment, and making change). The complexity of tasks can be learned by demonstration or repetition within 30 days, with few variables, and little judgment. The supervision required is simple, direct, and concrete.

*Id*.

The ALJ evaluated Plaintiff's Past Relevant Work ("PRW") and determined Plaintiff was unable to perform any of his PRW. (Tr. 28, Finding 6). The ALJ then considered whether Plaintiff retained the capacity to perform other work existing in significant numbers in the national economy. (Tr. 28-29, Finding 10). Based on the testimony of the VE, the ALJ found Plaintiff could perform the representative occupations of (1) document preparer with approximately 29,000 such jobs available in the national economy, and (2) table worker with approximately 8,800 such jobs available in the national economy. *Id*.

Because Plaintiff retained the capacity to perform this other work existing in significant numbers in the national economy, the ALJ determined Plaintiff had not been under a disability, as

defined by the Act, at any time from his alleged onset date of September 1, 2014, through the date last insured of December 31, 2019. (Tr. 30, Finding 11).

Plaintiff requested the Appeals Council's review of the ALJ's unfavorable disability determination. On December 7, 2020, the Appeals Council declined to review the ALJ's disability determination. (Tr. 1-6). On January 22, 2021, Plaintiff filed the present appeal. ECF No. 1. The Parties consented to the jurisdiction of this Court on January 22, 2021. ECF No. 5. This case is now ready for decision.

**2.** **Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2010); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox*

*v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. § 423(d)(1)(A).  The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques."  42 U.S.C. § 423(d)(3).  A claimant must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months.  *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation.  She determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform.  *See Cox,* 160 F.3d at 1206; 20 C.F.R. § 404.1520(a)-(f).  The fact finder only considers the Plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached.  *See* 20 C.F.R. § 404.1520 (2003).

**3.     Discussion:**

In his appeal brief, Plaintiff raises the following four arguments for reversal: (1) whether the ALJ properly evaluated Plaintiff's subjective allegations; (2) whether the ALJ erred in finding Plaintiff's impairments did not meet or equal a Listing; (3) whether substantial evidence supports the ALJ's RFC determination; and (4) whether substantial evidence supports the ALJ's Step Five

5

finding. ECF No. 15. Because the Court finds the ALJ erred in assessing Plaintiff's subjective allegations, the Court will only address this issue for reversal.

The Court notes that in assessing the subjective allegations of a claimant, the ALJ is required to examine and to apply the five factors from *Polaski v. Heckler,* 739 F.2d 1320 (8th Cir. 1984) or from 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929.[3] *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007). The factors to consider are as follows: (1) the claimant's daily activities; (2) the duration, frequency, and intensity of the pain; (3) the precipitating and aggravating factors; (4) the dosage, effectiveness, and side effects of medication; and (5) the functional restrictions. *See Polaski,* 739 F.2d at 1322.

The factors must be analyzed and considered in light of the claimant's subjective allegations of pain. *See id.* The ALJ is not required to methodically discuss each factor as long as the ALJ acknowledges and examines these factors prior to discounting the claimant's subjective allegations. *See Lowe v. Apfel,* 226 F.3d 969, 971-72 (8th Cir. 2000). As long as the ALJ properly applies these five factors and gives several valid reasons for finding that the Plaintiff's subjective allegations are not entirely reliable, the ALJ's determination of subjective allegations is entitled to deference. *See id.*; *Cox v. Barnhart,* 471 F.3d 902, 907 (8th Cir. 2006). The ALJ, however, cannot discount Plaintiff's subjective allegations "solely because the objective medical evidence does not fully support them [the subjective allegations]." *Polaski,* 739 F.2d at 1322.

---

[3] Social Security Regulations 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929 require the analysis of two additional factors: (1) "treatment, other than medication, you receive or have received for relief of your pain or other symptoms" and (2) "any measures you use or have used to relieve your pain or symptoms (e.g., lying flat on your back, standing for 15 to 20 minutes every hour, sleeping on a board, etc.)." However, under *Polaski* and its progeny, the Eighth Circuit has not yet required the analysis of these additional factors. *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007). Thus, this Court will not require the analysis of these additional factors in this case.

When discounting a claimant's subjective allegations of pain, the ALJ must make a specific determination regarding that claimant's subjective allegations, articulating the reasons for discrediting the testimony, addressing any inconsistencies, and discussing the *Polaski* factors. *See Baker v. Apfel,* 159 F.3d 1140, 1144 (8th Cir. 1998). The inability to work without some pain or discomfort is not a sufficient reason to find a Plaintiff disabled within the strict definition of the Act. The issue is not the existence of pain, but whether the pain a Plaintiff experiences precludes the performance of substantial gainful activity. *See Thomas v. Sullivan*, 928 F.2d 255, 259 (8th Cir. 1991).

In the present action, the Court finds the ALJ did not provide sufficient reasons for discounting Plaintiff's subjective allegations. In his opinion, the ALJ summarized Plaintiff's medical records and discounted Plaintiff's subjective complaints because they were not supported by the objective medical records:

> After careful consideration of the evidence, the undersigned finds that the claimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in this decision.

(Tr. 22).

Indeed, in this opinion, the only non-medical evidence the ALJ considered was Plaintiff's daily activities. *Id*. Further, the ALJ's consideration involved only a limited discussion of Plaintiff's daily activities. *Id*.

Based upon this review, the Court finds the ALJ improperly discounted Plaintiff's subjective allegations based upon his medical records. *See Polaski,* 739 F.2d at 1322 (holding a claimant's subjective allegations cannot be discounted "solely because the objective medical evidence does not fully support them [the subjective allegations]"). Accordingly, because the ALJ

provided an insufficient basis for discounting Plaintiff's subjective allegations, this case must be reversed and remanded.

**4.     Conclusion:**

Based on the foregoing, the undersigned finds the ALJ's RFC determination and analysis of his subjective allegations are not supported by substantial evidence in the record. As such, this case is reversed and remanded for further findings consistent with this opinion. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED this 11th day of July 2022.**

/s/ *Barry A. Bryant*
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE